**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eugene Wilson, Sr.,                                    Criminal Case File 98-00177 (SRN)

        Petitioner,

v.                                                                    **ORDER**

Kevin Lowry, in his official capacity
as Chief U.S. Probation Officer for the
District of Minnesota,

        Respondent.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the parties' joint Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 petitioning this Court to vacate the sentencing judgment entered by this Court on a recent supervised release violation [Doc. No. 147], to dismiss the corresponding Petition for Revocation of Supervised Release [Doc. No. 134], and to correct Petitioner's original sentence imposed in 1999 to ten years' imprisonment and three years of supervised release [Doc. No. 48].

## I. PROCEDURAL BACKGROUND

In 1998, Wilson pleaded guilty to being a felon in possession of a firearm and, in 1999, was sentenced as an Armed Career Criminal to fifteen years' imprisonment. His ACCA predicate offenses were for terroristic threats in violation of Minnesota law. In

addition to a term of incarceration, Wilson was sentenced to a five-year term of supervised release.

Had Wilson not been sentenced as an Armed Career Criminal, the maximum term of supervised release would have been three years. This is so because 18 U.S.C. § 3583 authorizes supervised release terms of up to five years for those convicted of Class A and Class B felonies.  18 U.S.C. § 3583(b)(1). But for Class C and Class D felonies, the statute authorizes supervised release terms of not more than three years. 18 U.S.C. § 3583(b)(2). An ACCA-enhanced felon-in-possession conviction is a Class A felony, because it is punishable by up to life imprisonment. See 18 U.S.C. § 924(e) (penalty); *id.* § 3559(a)(1) (sentencing classification of offenses, Class A felonies are punishable by life imprisonment). An unenhanced § 922(g)(1) conviction is a Class C conviction because the maximum term of imprisonment is ten years. *See id.*  18 U.S.C. § 924(a)(2); *id*. 18 U.S.C. § 3559(a)(3) (Class C felonies are punishable by 10—25 years maximum).

Wilson filed a motion under 28 U.S.C. § 2255 in October 2000. [Doc. No. 58.]  It was denied in July 2001.  [Doc. No. 66.]

Wilson finished the carceral portion of his sentence on September 9, 2011 and began serving his initial term of supervised release on that date. As a result, the maximum allowable term of supervised release for a non-ACCA enhanced conviction would have expired on September 8, 2014.

Wilson's supervised release was revoked on December 10, 2014.[1] [Doc. No. 104.] At that time, he was sentenced to four months' incarceration with three years' supervised release to follow. [Doc. No. 104.]

Wilson's supervised release term began anew on April 23, 2015, following his release from imprisonment on the first supervised-release revocation. On October 12, 2017, Wilson's supervised release was revoked again. [Doc. No. 147.] He was sentenced to six months' imprisonment with no supervised release to follow. [*Id.*] Wilson is scheduled to self-surrender on November 10, 2017.

In November, 2017, Mr. Wilson and the government filed this joint writ of habeas corpus under 28 U.S.C. § 2241, seeking to correct the judgment of conviction to reflect his now undisputed non-ACCA status, which would result in a three-year term of supervised release that would have expired on September 8, 2014. [Doc. No. 148.] Because the revocations of his supervised release and the conduct underlying these violations occurred after this date, he asks the Court to vacate the current sentencing judgment [Doc. No. 147] and to dismiss the corresponding petition for revocation for supervised release.

For the reasons that follow, the Court grants the joint motion.

## II. ANALYSIS

A.    **The Savings Clause Is Satisfied**

---

[1] The conduct underlying this violation occurred during the period of September 19, 2014 to November 26, 2014.

**1.  28 U.S.C. § 2255 generally precludes a federal prisoner from raising challenges to his conviction or sentence by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.**

According to the habeas corpus savings clause, federal district courts "shall not . . . entertain[]" a federal prisoner's application for a writ of habeas corpus unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). In 1996, Congress restricted the grounds on which federal prisoners may file second or successive § 2255 motions by enacting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 105, 110 Stat. 1220. AEDPA limited the availability of successive § 2255 relief to cases involving either (1) persuasive new evidence that the prisoner was not guilty of the offense, or (2) a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. *See* 28 U.S.C. § 2255(h); *cf. Tyler v. Cain*, 533 U.S. 656, 661-62 (2001) (interpreting the state-prisoner analogue to 28 U.S.C. § 2255(h)). AEDPA did not, however, provide for successive § 2255 motions based on intervening statutory decisions.

Under very limited circumstances, new retroactive rules of statutory interpretation may be brought by petition under 28 U.S.C. § 2241 where the savings clause is satisfied—that is, where the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. 2255(e). Section 2255 is "inadequate or ineffective" when (1) an intervening decision establishes that the prisoner is in custody for an act that the law does not make criminal; (2) the prisoner's claim was foreclosed by (erroneous) circuit law at the time of sentencing, direct appeal, and a first motion under §

4

2255; and (3) the prisoner cannot satisfy the requirements for bringing a second or successive motion under § 2255.[2] *Hill v. Masters*, 836 F.3d 591, 595, 599-600 (6th Cir. 2016) (holding that when the habeas petition attacks a sentence rather than a conviction, the test is not whether the defendant is factually innocent but rather whether "the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or fundamental defect," and that a now erroneous career-offender sentence imposed under the mandatory guidelines satisfies this test); *Brown v. Caraway*, 718 F.3d 583, 585-86 (7th Cir. 2013) (same);[3] *Reyes-Requena v. United States*, 243 F.3d 893, 903-

---

[2] Two courts of appeals have adopted a more restrictive test and found that § 2255(e) never permits resort to habeas corpus based on intervening statutory interpretation decisions. *McCarthan v. Director of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (overruling prior circuit precedent and holding that an intervening decision "does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'") (*petition for cert. filed* July 17, 2017); *Prost v. Anderson*, 636 F.3d 578, 590 (10th Cir. 2011) (then-Judge Gorsuch writing for court and denying § 2241 relief on the ground that an initial motion under § 2255 would not have been inadequate or ineffective even though circuit precedent would likely have foreclosed the prisoner's claim). Specifically, the en banc court in *McCarthan* held that § 2241 is available "only when [§ 2255] cannot remedy a particular kind of claim. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." 851 F.3d at 1099. The Eighth Circuit has not adopted either approach. *See Abdullah v. Hedrick*, 392 F.3d 957, 960-964 (8th Cir. 2004) (discussing majority rule that the savings clause permits habeas relief for claims that the defendant's conduct is no longer criminal based on an intervening Supreme Court statutory decision without expressly adopting it).

[3] In response to the argument that the savings clause in 28 U.S.C. § 2255(e) requires "a claim of actual innocence directed to the underlying conviction, not merely the sentence," both the Sixth Circuit in *Hill* and the Seventh Circuit in *Brown* relied on the "clear language of the savings clause." *Hill*, 836 F.3d at 598 (first quote is quoting *Brown*, 718 F.3d at 585). The savings clause's language does not restrict relief to those who are challenging their convictions. *See* 28 U.S.C. § 2255(e). It does not even mention the word *conviction*; it "instead makes relief available when the § 2255 remedy is 'inadequate or

904 (5th Cir. 2001); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *In re Davenport*,

147 F.3d 605, 609-12 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 378-80

(2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997).

### 2. Wilson satisfies this test.

#### a. Wilson is in custody

Section 2241 requires that, at the time a prisoner files a petition, he must be "in

custody" for the conviction or sentence he wishes to challenge in order for the habeas

court to have jurisdiction. The general principle is that even if a movant is not physically

confined, the movant may nonetheless be "in custody" if he has restrictions on his liberty

as a result of his conviction for a crime, and those restrictions are "not shared by the

public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). *Cunningham*

specifically held that a parolee was in custody because he was subject to the court's

supervision and his release was conditioned on compliance with the conditions of parole.

*Id.* at 242. "Custody" thus signifies incarceration or supervised release. *E.g.*, *Maleng v.*

*Cook*, 490 U.S. 488, 490-91 (1989).

The same reasoning applies here. While Wilson has not yet reported to serve his

sentence upon the revocation of his supervised release, he is still "in custody" because he

---

ineffective to test the legality of his *detention*.'" *Hill*, 836 F.3d at 598 (quoting 28 U.S.C.
§ 2255(e) (emphasis added)); *accord Brown*, 718 F.3d at 598. Both *Hill* and *Brown* held
that when a prisoner sentenced under the mandatory guidelines asserts a guideline error
in a § 2241 petition, then that defendant is testing the legality of his detention. *Hill*, 836
F.3d at 598; *Brown*, 718 F.3d at 585, 588. So it follows that the same is true when a
prisoner is claiming that his sentence exceeds the maximum authorized by statute, as Mr.
Wilson does here.

is on supervised release and has restrictions on his liberty that are not shared by the public generally.

### b.    The three-part test is satisfied

Turning to the three-part test, the first and second prong together require an intervening decision of statutory construction that renders the prisoner innocent. Sentencing innocence is a cognizable § 2241 claim where, as here, a defendant argues his sentence exceeds the maximum authorized by statute.

The ACCA imposes a mandatory minimum 15-year sentence if a defendant has been convicted as a felon in possession of a firearm "and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include any federal or state offense punishable by more than one year imprisonment that, as pertinent here, "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B). That provision is known as the force clause and, before November 16, 2017, when the Eighth Circuit decided *United States v. McFee*, 842 F.3d 572 (8th Cir. 2016), was held to be satisfied where a defendant had a conviction under Minnesota law for terroristic threats.

Minnesota's terroristic threats statute makes it a crime to "threaten [ ], directly or indirectly, to commit any crime of violence with purpose to terrorize another ... or in a reckless disregard of the risk of causing such terror." Minn. Stat. § 609.713, subd. 1. Before *McFee*, circuit law established that this offense was a predicate ACCA offense under the force clause if the crime of violence offense threatened also satisfied the force clause. *See, e.g.*, *United States v. Sanchez-Martinez*, 633 F.3d 658, 660 (8th Cir. 2011);

*see also United States v. Flannigan*, 367 F. App'x 732, 733 (8th Cir. 2010) (per curiam) (citing *United States v. Clinkscale*, 559 F.3d 815, 817 (8th Cir. 2009)). In other words, the statute was overbroad but divisible and subject to the modified categorical approach. As Wilson's PSR bears out, his convictions were based on threats to kill others. PSR ¶¶ 34, 37, 41. Under Eighth Circuit law, that was sufficient to bring his convictions within the scope of the ACCA's force clause. 18 U.S.C. § 924(e)(2)(B).

In *McFee*, the Eighth Circuit confirmed that terroristic threats is overbroad but held it is not divisible. 842 F.3d at 575. Thus, it can never serve as an ACCA predicate conviction. *Id.*

*McFee* overturned circuit precedent that was directly on point. *E.g.*, *Flannigan*, 367 F. App'x at 733. Wilson's only predicates were for terroristic threats. Therefore, the first prong, requiring a change in precedent that makes a defendant's sentence illegal, and the second prong, requiring that the claim was precluded by precedent during the defendant's prosecution, appeal, and initial § 2255, are satisfied.

The third prong requires the prisoner to show that he cannot, as a matter of law, satisfy the requirements for bringing a second or successive motion under § 2255. Essentially, this requires a prisoner to show that the change in law under prongs one and two is one of statutory construction.

Wilson's *Mathis*-based argument could not have been brought in a successive § 2255 motion. *McFee* is a statutory case, not a constitutional case. The Eighth Circuit's decision in *McFee* is rooted in *Mathis v. United States*, 136 S. Ct. 2243 (2016), a statutory interpretation case. Such decisions categorically do not clear the § 2255(h)(2)

hurdle. *E.g.*, *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). Prong three, therefore, is met.

### III.    Conclusion

Because Wilson satisfies all three prongs of the test, Wilson's claim can proceed via the § 2241 portal. He is entitled to relief and should not have been sentenced as an Armed Career Criminal. As a result, the maximum term of supervised release he could have been sentenced to was three years. The Supreme Court held in *United States v. Roy Johnson*, 529 U.S. 53, 56 (2000), that a defendant's term of supervised release begins when he is actually released; here, September 9, 2011. So the term should have expired on September 8, 2014.

It is therefore ORDERED that:

1.      The joint Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is GRANTED;

2.      The Court corrects the judgment of conviction to sentence Wilson to ten years' imprisonment and three years' supervised release;

3.      The Court vacates the sentencing judgment entered on October 13, 2017 revoking his supervised release for the second time [Doc. No. 147]; and

4.      The Court dismisses the corresponding Petition for Revocation of Supervised Release [Doc. No. 134].  The six month sentence imposed in October 2017 is thereby vacated.

Dated:  November 7, 2017

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge